# Matter of Hilario Antonio GARCIA-GARCIA, Respondent

File A088 889 863 - San Francisco, California

*Decided October 14, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An Immigration Judge has authority under section 236(a)(2)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a)(2)(A) (2006), and 8 C.F.R. § 1236.1(d)(1) (2009) to review and consider whether to modify the conditions of release imposed on an alien by the Department of Homeland Security ("DHS").

(2) Where the respondent filed an application with the Immigration Judge to ameliorate the terms of release within 7 days of his release from custody by the DHS, the Immigration Judge had jurisdiction to review and modify the condition placed on the respondent's release that he participate in the Intensive Supervision Appearance Program.

FOR RESPONDENT: Francisco Ugarte, Esquire, San Francisco, California

AMICUS CURIAE:[1] Stephen W. Manning, Esquire, Portland, Oregon

FOR THE DEPARTMENT OF HOMELAND SECURITY: Cynthia A. Gutierrez, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, ADKINS-BLANCH, and WENDTLAND, Board Members.

PAULEY, Board Member:

In a decision dated February 23, 2009, an Immigration Judge denied the respondent's request for a change in custody status pursuant to section 236(a) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a) (2006). The Immigration Judge issued a bond memorandum setting forth the reasons for her bond decision on March 16, 2009. The Department of Homeland Security ("DHS") has appealed from the Immigration Judge's decision. The appeal will be dismissed.

---

[1] We acknowledge and appreciate the very helpful briefs submitted by the parties and by amicus curiae, representing the American Immigration Lawyers Association.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent, a native and citizen of Guatemala, was not admitted or paroled after inspection to the United States. He was arrested by the DHS on January 29, 2009, as part of a fugitive alien operation. On the same day, the respondent was placed in the Intensive Supervision Appearance Program ("ISAP"), a program under which he was required to wear an electronic monitoring device on his ankle and comply with certain reporting requirements.

The respondent filed a motion for a custody redetermination hearing before the Immigration Judge on February 4, 2009. He requested that he be allowed to post a monetary bond as an alternative to his continued participation in the ISAP. The Immigration Judge denied the respondent's request for amelioration of the terms of his release from DHS custody. In reaching her decision, the Immigration Judge found that the regulation at 8 C.F.R. § 1236.1(d)(1) (2009) afforded her broad jurisdiction to consider more than just the appropriate amount of bond. Nevertheless, the Immigration Judge determined that the respondent did not meet his burden of proof to demonstrate that he should be relieved of the conditions imposed by the DHS because of the limited information he provided regarding his immigration history, the existence of any family ties he has to the United States, any criminal record he might have, and the likelihood of relief from removal being granted.

The DHS filed a timely appeal.[2] On appeal, the DHS argues that the Immigration Judge exceeded her authority under section 236(a) of the Act and 8 C.F.R. § 1236.1(d)(1) by considering whether the respondent had to continue his participation in the ISAP.

## II. ISSUE

The issue on appeal is whether the Immigration Judge had the authority to consider whether to ameliorate the condition placed on the respondent's release from DHS custody that required him to participate in the ISAP. On appeal, the DHS argues that 8 C.F.R. § 1236.1(d)(1) does not give the Immigration Judge authority to ameliorate the conditions placed by the DHS on an alien's release from custody. Specifically, the DHS contends that pursuant to the regulation, the Immigration Judge is only authorized "to detain

---

[2] The respondent's failure to appeal does not moot the case, as we are not bound by "case or controversy" limitations applicable to Article III courts, and because the jurisdictional question is an important and recurring one, we choose to decide it. *See Matter of Luis*, 22 I&N Dec. 747, 752-53 (BIA 1999).

the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released."

In response, the respondent argues that the DHS unreasonably requests that we ignore the final sentence of 8 C.F.R. § 1236.1(d)(1), which gives the Immigration Judge authority to ameliorate the terms of release imposed on an alien's release by the DHS. The amicus curiae brief filed in support of the respondent's position asserts that our decision in *Matter of Toscano-Rivas*, 14 I&N Dec. 523 (BIA 1972, 1973; A.G. 1974), is dispositive of this matter.[3]

## III.  STANDARD OF REVIEW

We review an Immigration Judge's findings of fact, including findings as to the credibility of testimony, only to determine if they are clearly erroneous. 8 C.F.R. § 1003.1(d)(3)(i) (2009). Questions of law, discretion, and judgment and all other issues in appeals from decisions of Immigration Judges may be reviewed de novo. 8 C.F.R. § 1003.1(d)(3)(ii); *see also Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008).

## IV.  ANALYSIS

The issue posed in this matter was raised but not resolved in our recent precedent decision in *Matter of Aguilar-Aquino*, 24 I&N Dec. 747 (BIA 2009). In that case we held that the Immigration Judge lacked jurisdiction to consider the alien's request for amelioration of the terms of his release following his release from detention by the DHS with conditions requiring an electronic monitoring device and home confinement because of his failure to file an "application for amelioration of the terms of release" with the Immigration Judge within 7 days of his release, as required by 8 C.F.R. § 1236.1(d)(1). However, unlike the alien in *Matter of Aguilar-Aquino*, the record in this matter reflects that the respondent filed an application for amelioration of the terms of release within 7 days of his release from DHS custody. Therefore, we must determine if the Immigration Judge had the authority to consider whether to ameliorate the condition placed on the respondent's release that required him to participate in the ISAP.

Upon de novo review, we affirm the Immigration Judge's decision. We agree with the Immigration Judge's determination that she had jurisdiction to review and modify the condition placed on the respondent's release from DHS custody. Our analysis in this matter begins with 8 C.F.R. § 1236.1(d)(1),

---

[3] We note that the Attorney General affirmed our decision in this case on other grounds. *See Matter of Toscano-Rivas*, 14 I&N Dec. at 550.

which gives the Immigration Judge jurisdiction over appeals from the custody decisions made by the District Director.  Specifically, the regulation provides as follows:

> After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order under 8 CFR part 1240 becomes final, request amelioration of the conditions under which he or she may be released.  Prior to such final order, and except as otherwise provided in this chapter, the immigration judge is authorized to exercise the authority in section 236 of the Act (or section 242(a)(1) of the Act as designated prior to April 1, 1997 in the case of an alien in deportation proceedings) to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released, as provided in § 1003.19 of this chapter.  If the alien has been released from custody, an application for amelioration of the terms of release must be filed within 7 days of release.

Since the respondent was released from DHS custody and filed a motion for a custody redetermination with the Immigration Judge within 7 days of his release, the regulation provides that the Immigration Judge has jurisdiction to consider an "application for amelioration of the terms of [the alien's] release" from DHS custody.  We note that this portion of 8 C.F.R. § 1236.1(d)(1) does not provide any specific limits on the Immigration Judge's authority to ameliorate the terms placed by the DHS on an alien's release from custody.  In essence, the language suggests that the Immigration Judge has broad authority to review and modify the terms imposed by the DHS on an alien's release from custody.

However, the DHS argues that the Immigration Judge's jurisdiction is limited by the earlier statement in 8 C.F.R. § 1236.1(d)(1), which provides that the Immigration Judge may "detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released."  We conclude that the DHS's reliance on this statement to limit the Immigration Judge's authority is misplaced. This particular sentence of the regulation directly relates to the Immigration Judge's authority regarding review of the District Director's decision to retain an alien in DHS custody, not the portion of the regulation governing aliens who have been released from DHS custody. *See Matter of Aguilar-Aquino*, 24 I&N Dec. at 750 (indicating that 8 C.F.R. § 1236.1(d)(1) draws a distinction between aliens who are in the custody of the DHS and those who have been released from DHS custody).

Furthermore, an interpretation of the regulation limiting the Immigration Judge's authority to ameliorate the terms of release imposed by the DHS would be inconsistent with the language of section 236(a) of the Act. *See Trustees of Indiana Univ. v. United States*, 618 F.2d 736, 739 (Ct. Cl. 1980) (stating that a regulation must be interpreted so as to harmonize with and not to conflict with the objective of the statute it implements).

Section 236(a) of the Act provides, in pertinent part:

> [T]he Attorney General—
>     (1) may continue to detain the arrested alien; and
>     (2) may release the alien on—
>         (A) bond of at least $1,500 with security approved by, *and containing conditions prescribed by*, the Attorney General; or
>         (B) conditional parole . . . .

(Emphasis added.)  The plain language of section 236(a) gives the Attorney General the authority, which is shared with the Secretary of Homeland Security, to place conditions on an alien's release from custody when setting a monetary bond of at least $1,500. *See Matter of D-J-*, 23 I&N Dec. 572, 574 n.3 (A.G. 2003).  We read the authority to place conditions on an alien's release on bond as conversely conferring the authority to order the removal of a condition placed on an alien's release by the DHS.

Our interpretation of 8 C.F.R. § 1236.1(d)(1) is further supported by our prior precedent decision, *Matter of Toscano-Rivas*, 14 I&N Dec. 523, where we held that the Immigration Judge[4] had authority to review and modify the conditions of a bond imposed by a District Director in a deportation proceeding.  In that case, the District Director had imposed on a group of aliens a condition of bond that prohibited their unauthorized employment. Upon review of that decision, the Immigration Judge reduced the bond amount set by the District Director and removed the condition.  The former Immigration and Naturalization Service (now the DHS) appealed, arguing that the Immigration Judge had no authority to delete the condition relating to unauthorized employment because the District Director had the exclusive right to impose conditions on bonds other than the actual amount of the bond. In support of this position, it cited language under the regulation at 8 C.F.R. § 242.2(b) (1972), which provided that the Immigration Judge had the authority to "determine whether a respondent shall be released under bond, and the amount thereof."  We found that interpretation of 8 C.F.R. § 242.2(b) to be "overly mechanical" and noted that 8 C.F.R. § 242.2(a) provided that the District Director must advise a respondent "whether he may apply to [an Immigration Judge] pursuant to paragraph (b) of this section for release or *modification of the conditions of release*."  *Matter of Toscano-Rivas*, 14 I&N Dec. at 525.

Although the specific language of the regulations underlying our decision in *Matter of Toscano-Rivas* has since changed, we find that our reasoning

---

[4] At the time *Matter of Toscano-Rivas* was written, an "Immigration Judge" was referred to as a "special inquiry officer."  For purposes of clarity in this decision, we will refer to the "special inquiry officer" as an Immigration Judge.

remains applicable under the law currently in effect. Like 8 C.F.R. § 242.2(a), section 236(a)(2)(A) of the Act clearly gives the Attorney General authority to place conditions on an alien's release from custody when setting a monetary bond of at least $1,500. To read 8 C.F.R. § 1236.1(d)(1) as the DHS suggests would produce results that are incompatible with the objective of the statute.

## V. CONCLUSION

In light of the foregoing, we agree with the Immigration Judge that she had authority under section 236(a)(2)(A) of the Act and the regulation at 8 C.F.R. § 1236.1(d)(1) to review and consider whether to modify the conditions of release imposed by the DHS. Because the respondent has not appealed the Immigration Judge's decision denying the respondent's request for removal of the electronic monitoring device upon payment of a minimal bond, the respondent remains subject to the ISAP and its reporting requirements. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal of the Department of Homeland Security is dismissed.